EDMUND S. CUMMINGS, APPELLEE, v. ARTHUR J. KEATING & COMPANY ET AL., DEFENDANTS: ARTHUR J. KEATING, APPELLANT.

FILED APRIL 19, 1919. No. 20844.

1. **Limitation of Actions:** NOTE: PETITION. A promissory note showing on its face that it is outlawed does not render demurrable a petition pleading it in full and praying for judgment thereon, where plaintiff alleges that his failure to begin his action within the statutory period of five years was due to the absconding and the concealment of defendant.

2. ———: CONCEALMENT OF DEBTOR: EVIDENCE. The sufficiency of the evidence to sustain a finding that a debtor absconded, con-

cealed himself, and thus arrested the running of the statute of limitations, must be tested by the circumstances and the conditions of each case in which that issue is tried.

3. ———: ———: ———. In an action on unpaid, promissory notes executed and delivered in Chicago, the evidence outlined in the opinion *held* sufficient to sustain a finding that defendant absconded from Illinois, concealed himself in Nebraska, and thus arrested the running of the statute of limitations.

APPEAL from the district court for Douglas county: LEE S. ESTELLE, JUDGE. *Affirmed.*

*Smith, Schall & Howell,* for appellant.

*Brome & Ramsey* and *J. P. Uvick, contra.*

ROSE, J.

This is an action on two promissory notes in form as follows:

"$1,000.                    Chicago, Ill., Nov. 1st, 1899. "Thirty days after demand, for value received, we promise to pay to the order of E. S. Cummings, the sum of one thousand dollars, at 120 Randolph St., Chicago, Ill., with interest at the rate of seven per cent. per annum, after date.

                          "A. J. Keating & Co.,
                              "John Collins."

"$1,000.                    Chicago, Ill., Dec. 1st, 1899. "Thirty days after demand, for value received, we promise to pay to the order of E. S. Cummings the sum of one thousand dollars at 120 Randolph St., Chicago, with interest at the rate of seven per cent. per annum, after date.

                          "Arthur J. Keating & Co.
                              "Per John Collins."

Payment of interest to January 1, 1900, is indorsed on the back of each note. Otherwise the principal and the interest are unpaid. Arthur J. Keating and John Collins were partners, the firm name being Arthur J. Keating & Company. In Chicago the partnership had been engaged in buying municipal paper and in making

loans. The original petition was filed in the district
court for Douglas county, Nebraska, June 19, 1915, and
an amended petition was filed February 16, 1918. There
was service of summons on defendant Keating alone.
He pleaded in his answer that the action was barred by
the statute of limitations. On a trial of that issue the
jury rendered in favor of plaintiff a verdict for
$4,569.19. From a judgment thereon for that sum de-
fendant has appealed.

The petition is assailed as fatally defective. It is
insisted that the statutory period of five years for the
bringing of the suit had expired, as shown on the face
of the notes, and that an exception to the general rule
is not pleaded. The specific defects in the petition, as
construed by defendant, are failure to allege that plain-
tiff was diligent in attempting to discover the where-
abouts of defendant and absence of a reason why dis-
covery was not made sooner. In support of the position
thus taken, defendant invokes the doctrine that, in an
action based on fraud, if commenced after expiration
of the statutory period for instituting such an action,
plaintiff, to avoid the bar of the general statute of limi-
tations, must plead facts showing that he exercised due
diligence in discovering the fraud. This is a rule of
equity which does not determine the question here in-
volved. Plaintiff's suit is not founded on fraud. The
notes were executed and delivered in good faith and
were never paid. The action is based on the notes.
The fraud relates alone to the remedy—the right to
maintain the suit after the five-year period for bring-
ing it expired. Plaintiff relies on statutory exceptions
in the following language:

"If, when a cause of action accrues against a person,
he be out of the state, or shall have absconded or
concealed himself, the period limited for the commence-
ment of the action shall not begin to run until he come
into the state, or while he is absconded or concealed;
and if, after the cause of action accrues, he depart from

the state, or abscond or conceal himself, the time of his absence or concealment shall not be computed as any part of the period within which the action must be brought." Rev. St. 1913, sec. 7577.

Does the petition show that defendant concealed himself in Nebraska within the meaning of the language quoted? Following detailed pleas of the execution, delivery and nonpayment of each note, it is alleged in the petition:

"That at the time said note was executed, the said defendant Arthur J. Keating was a citizen and resident of the state of Illinois, residing at the city of Chicago in said state, and transacting business as hereinbefore recited with one John Collins, under the firm name and style of Arthur J. Keating & Company in said city and state; that Arthur J. Keating was the real and true name of said defendant Keating, and the name borne by him from his birth and continuously until some time during the year 1900, when said Arthur J. Keating absconded from said state of Illinois and concealed himself in the state of Nebraska; that for the purpose of such concealment, and to the end that his identity and whereabouts might not be known by this plaintiff and other creditors of said Arthur J. Keating, he, the said Arthur J. Keating, from and after the time that he absconded from the state of Illinois, as hereinbefore recited, and at all times thereafter, adopted the name of Henry J. Keating, and at all times since said Arthur J. Keating came to the state of Nebraska, during the year 1900, as hereinbefore recited, he has adopted and used said name Henry J. Keating, and represented and stated to his neighbors, associates and persons with whom he came in contact in the state of Nebraska, that Henry J. Keating was his true name; that this plaintiff did not learn, and did not know, that the person calling himself Henry J. Keating, residing in the state of Nebraska, was the same person who conducted business in the city of Chicago and state of Illinois

during the year 1899 as a member of the firm of A. J. Keating & Company until the 10th day of February, 1915; that no demand for the payment of said note or the interest due thereon was or could be made prior to said 10th day of February, 1915, by reason of the aforesaid absconding and concealment of said defendant Arthur J. Keating as hereinbefore recited.''

While this plea does not conform to the rules of pleading, it states facts sufficient to show that defendant absconded from Illinois and concealed himself in Nebraska, and thus prevented the general statute of limitations from barring plaintiff's action, within the meaning of the statutory exceptions quoted. The issue of concealment was understood and tried by both parties, and defendant was not prejudiced by imperfections in the petition.

The principal argument by defendant is directed to the proposition that there should have been a peremptory instruction for defendant on the ground that the evidence is insufficient to sustain a verdict in favor of plaintiff. In this connection it is argued by defendant that concealment is not shown; that defendant lived and transacted business in Omaha openly without any attempt to conceal his identity or whereabouts from defendant or others; that his friends and business associates in Omaha knew his real name and former connections in Chicago; that while making his home in Omaha he openly visited his relatives and others in Chicago two or three times a year and reappeared at will in his former haunts, which include the neighborhood of plaintiff's residence; that proof of diligence on the part of plaintiff is wanting, and that he had knowledge equivalent to notice of defendant's place of residence. There is evidence tending to prove the theory of defendant, but the jury and the trial court found the issue in favor of plaintiff. Is their finding sustained by the evidence?

In testing the sufficiency of the evidence to prove concealment for the purpose of arresting the general statute of limitations, the issue must be determined by the circumstances, the proper inferences being questions for the jury. The evidence, for the purposes of review, should be considered in the light of the following observations:

"If one eludes his creditors, then he can be held to the intent of evading process, and all the law requires in order to constitute an absconding debtor is that he shall put himself in such a position that he can and does successfully evade the service of process. In one case it may be by concealment in his own house. It may consist in going from place to place so quickly as to evade meeting with service of process anywhere. There is a limit to the creditor's search for him, else he might never be served with process, and no attachment would ever be sustained. The creditor is bound to ascertain, if he can do so by all natural ordinary means at hand, his debtor's whereabouts, in order to serve him with process; but this obligation has its limits in reason and common sense. A debtor may, by a careful watch of the action of his creditors, or by information from others, elude his creditors for an indefinite time, and yet he might produce proof of having been seen in so many places that it would seem reasonable that service of process could be made. So it can be perceived that concealment with intent to defeat or delay his creditors has a relative significance. It must depend upon the facts of each case, and they must be such, and of such probative force and effect, that the court can conclude that the debtor was eluding the service of process; that he intended to do it, and that his conduct or concealment was such as to lead his creditors to the natural belief that he absconds." *Stafford v. Gaiser*, 57 N. J. Law, 574.

The record contains evidence tending to prove the following facts: Before the notes in suit had been matured by a demand for payment, defendant left Chi-

cago February 8, 1900. There remained unpaid creditors who were not notified in advance of his contemplated departure or destination. He had not arranged for the payment of his debts and he did not leave available assets for that purpose. He was married, but his wife did not know where he had gone. His father and mother were likewise left without knowledge of his plans and destination. He went to British Columbia, Washington, California, Texas, Missouri, Wyoming, and other places. His name was Arthur J. Keating, and when he left Chicago he had never been known by any other. Late in August, 1900, he arrived in Omaha. There, as "Henry Keating," he registered at a hotel, procured saloon-keeper's licenses from year to year, dealt in intoxicating liquors, received mail, reported to the publishers of the telephone and the city directories, acted as secretary of the Retail Liquor Dealers' Association, and bought a home and corporate stock. By that name he was generally known in Omaha when sued by plaintiff June 19, 1915, though his wife and some friends and relatives publicly called him "Art." After his departure from Chicago and before his wife had joined him a few months later, plaintiff asked her where he had gone, but did not get the desired information. Without avail plaintiff also made inquiries of some of defendant's business associates and friends in Chicago. After making further inquiry, at several different times, plaintiff in 1914 first heard of defendant's residing in Omaha and wrote to an attorney there for particulars. The reply contained the advice that there was no such person as Arthur J. Keating in Omaha. Learning later of the death of defendant's father, plaintiff examined the probate records in Chicago and found a reference to Arthur J. Keating, Omaha, a son of decedent. An investigating bureau followed this clue and discovered that defendant was living in Omaha as "Henry Keating." From evidence tending to prove the facts outlined, it may fairly be inferred that de-

fendant concealed himself in Nebraska within the meaning of the statute of limitations.

The probative force of this evidence is not necessarily destroyed by other evidence, adduced during the trial, that defendant openly returned to Chicago two or three times a year and there freely mingled with his former associates, many of whom lived in plaintiff's neighborhood; that defendant used the name of Henry Keating to conceal from his father and others his connection with the saloon business; that plaintiff never asked the parents of defendant where the latter resided, though they were his friends and neighbors; that plaintiff did not pursue his search continuously or diligently after defendant left Chicago. The jury and the trial court were at liberty to view this evidence in a light different from that in which defendant sees it.   Defendant in fact conducted the saloon business in the name of ''Henry Keating''—the name of his father who was the subject of his solicitude in his attempt to conceal the fact that he was a saloon-keeper.   While visiting in Chicago, defendant did not call on plaintiff, who had given him credit, or notify him of the home in Omaha.  Plaintiff did not see defendant on these occasions or know that he had been returning to his old haunts.   From the viewpoint of plaintiff, as he considered the circumstances and conditions under which defendant departed from Chicago in 1900, continuous inquiries, if directed to the parents and to the former associates of defendant, evincing anxiety and vigilance, might have prolonged the search or prevented the discovery.   The course pursued by plaintiff may have stimulated the freedom to which defendant testified in mingling with his old friends around the home of plaintiff.   The conclusion is that the evidence is sufficient to sustain the finding that defendant concealed himself in Nebraska.   No error prejudicial to defendant has been found.

AFFIRMED.

SEDGWICK· and CORNISH, JJ., not sitting.